IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Tonya Thul-Theis                                                                (Chapter 13)

Debtor.                                                                          Case No. 09-15919

MEMORANDUM DECISION

Tonya Thul-Theis is a *pro se* chapter 13 debtor. She filed chapter 13 on August 31, 2009 and listed a debt payable to Attorney Lisa Friedrich, as guardian *ad litem* for Thul-Theis' minor child. Although Friedrich was listed on the schedules, evidently she was omitted from the mailing matrix. Thul-Theis added Friedrich to the matrix in an amendment filed on September 14, 2009, but no notice was sent because the required fee was not paid. Once the fee was paid in February 2010, notice was sent to Friedrich.

Friedrich thus got her first notice from the bankruptcy court in March 2010, well after the December 29, 2009 claims bar date. But Friedrich did get actual notice of the bankruptcy well before the bar date. Attorney Friedrich contacted Thul-Theis via email about a missed payment in October 2009. In a response dated October 16, 2009, Thul-Theis responded as follows:

> "Lisa I filed Chapter 13, you should have received notice. I asked the Trustee if I could continue to pay you directly. He said no. It has to be paid out of the Chapter 13 plan. So

1

you will continue to get $125 per month, however, I will not be in control of when it comes to you."

In a January 12, 2010 collections letter, Attorney Friedrich seems to acknowledge receipt of this email, noting that "you informed my office months ago that you would be filing bankruptcy." Friedrich filed her proof of claim on March 9, 2010, but Trustee Chatterton declined to allow a late claim.

As a general matter, late-filed claims are completely barred in a chapter 13 case. See, Lundin, Chapter 13 Bankruptcy, § 290-3. Section 502(a)(9) provides that, if there is an objection to a claim, "the court shall allow such claim . . . except to the extent that . . . proof of such claim is not timely filed." While § 726(a)(2)(C) provides that a late-filed claim in chapter 7 is instead subordinated to timely claims, there is no similar saving provision in chapter 13 cases. Id. Creditors have 90 days after the § 341 meeting to file a proof of claim. Rule 3002(c). This deadline is "set in stone." See, Ginsberg & Martin, § 10.06[A]. That is, it cannot be extended by the Court under Rule 9006(c). Accordingly, Attorney Friedrich's claim is untimely, and the Court cannot use Rule 9006 to alter the deadline.

As this court recognized in In re Tarbell (09-12570) last month, many courts have extended the time for a creditor to file a proof of claim in a chapter 13 case either under the equitable power of § 105 or given due process considerations. This relief has most commonly been awarded when, as was the case in Tarbell, the creditor had no notice of the bankruptcy. The Supreme Court has held that a creditor on actual notice cannot complain of a due process violation. United Student Aid Funds v. Espinosa, 130 S. Ct. 1367 (2010). In Espinosa, the Court rejected a student loan creditor's argument that it was denied due process when the debtor failed to serve it with a summons and complaint asserting that the student loan should be discharged as

2

an undue hardship. 130 S. Ct. at 1378. Failure to serve required pleadings might violate a procedural rule, the Court held, but it did not amount to a due process violation where the creditor was on actual notice that the chapter 13 debtor proposed to pay less than the full value of the loan. Id. Due process requires only notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. Espinosa is consistent with the long history of cases holding that there is no due process violation where actual notice of a bankruptcy proceeding is given. See, e.g., In re Joye, 578 F.3d 1070 (9th Cir. 2009); Bosiger v. U.S. Airways, 510 F.3d 442 (4th Cir. 2007); Baker v. Latham Sparrowbush Assocs., 72 F.3d 246 (2d Cir. 1995); Lompa v. Price, 871 F.2d 97 (9th Cir. 1989),

Here, Attorney Friedrich had actual notice. Although no court notices were sent to her until after the bar date, Thul-Theis plainly informed Attorney Friedrich that she had filed chapter 13 in the October 2009 email. This gave Attorney Friedrich at least two months to file a claim. There is no dispute that Attorney Friedrich received the email; in fact, her subsequent letter to Thul-Theis seems to acknowledge it. Although the email did not explicitly instruct Attorney Friedrich to file a claim, it would strain due process to its limits to hold that an attorney lacked notice of a bankruptcy filing simply because the *pro se* debtor did not tell her to file a claim.

Given the narrow circumstances in which extensions can be made, Attorney Friedrich's claim must be barred as untimely.

Dated: June 7, 2010

/s/ Robert D. Martin

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Tonya Thul-Theis                                                                (Chapter 13)

Debtor.                                                        Case No. 09-15919

ORDER

The Court having reached the conclusions of law contained in the memorandum decision filed this date, it is hereby ORDERED that Attorney Lisa Friedrich's claim be DENIED as untimely filed.

Dated: June 7, 2010

_____
ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE